IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Mantez Duncan,<br><br>       Plaintiff,<br><br>   v.<br><br>Steven Green,<br><br>       Defendant. | Case No. 22-cv-1339<br><br>Hon. Matthew F. Kennelly |

## MOTION TO VACATE OR MODIFY THE COURT'S NOVEMBER 28, 2023 ORDER

The Office of the Illinois Attorney General ("OAG") respectfully moves this Court to vacate or modify its November 28, 2023 Order, ECF 65, stating as follows:

1. On October 18, 2023, the Court held a settlement conference that resulted in a settlement agreement subject to completion of IDOC's standard settlement documentation. ECF 61. The Court directed Defendant to file a status report on November 8, 2023 regarding progress in documenting the settlement. *Id*.

2. On October 31, 2023, AAG Kaur ended her employment with the Attorney General's office and no longer had access to her work email. Unfortunately, she did not withdraw her appearance, and the Court was not apprised that she had left the office.

3. After Ms. Kaur's departure, supervisor James Robinson assumed responsibility for completing the settlement documentation. Because he understood the case was settled, he did not file an appearance, and he also did not check the Court's docket entries. As a result, he was not aware that the Court had ordered Defendant to provide a status report by November 8, 2023. Nor was he aware that on November 9,

2023, the Court noted Defendant's failure to file the required status report and ordered Defendant's counsel to immediately comply with the Court's order. ECF 62. For the same reasons, he also was unaware that on November 20, 2023, the Court noted the failure of Defendant's counsel to file the November 8 status report and to immediately comply with the Court's November 9 order, and therefore directed Defendant's counsel to show cause in writing why a sanction should not be imposed. ECF 63. Because Ms. Kaur had left the OAG on October 31, 2023, she also was unaware of the Court's November 9 and November 20 orders.

    4.     Supervisor Robinson was present for the Court's November 28, 2023 court call because he was covering a separate matter for another former AAG who left the office on October 31, 2023. [1] Supervisor Robinson informed the Court that former AAG Kaur's employment with the OAG ceased on October 31, 2023, and that he had mailed copies of the relevant settlement documentation to Plaintiff. The Court directed supervisor Robinson to file his appearance within an hour. Supervisor Robinson filed his appearance at 9:21 a.m. ECF 64. After Supervisor Robinson filed his appearance, the Court entered its order sanctioning AAG Kaur and set the matter for an in-person hearing on December 4, 2023 at 1:30 p.m. ECF 65. Supervisor Robinson immediately informed Ms. Kaur of the Court's November 28, 2023 order.[2]

---

[1] *Morgan v. Pfister*, 21-cv-1767; AAG Manasseh Konadu filed his appearance on November 29, 2023.

[2] After assuming responsibility for finalizing the settlement of this case, Supervisor Robinson acted promptly to do so. On November 16, 2023, he mailed the settlement documents to Plaintiff. Immediately after the status hearing on November 28, 2023, he arranged to speak to Plaintiff and obtained signed settlement documents that day. Supervisor Robinson promptly

2

5. The OAG respectfully asks the Court to vacate or modify its order to remove its $500 sanction against former AAG Kaur for "repeated" non-compliance with the Court's orders. She was unaware of the Court's orders entered on November 9 and November 20, which were entered after she left the Office of the Attorney General, and after she no longer received ECF notices in this case.

6. The OAG has processes in place designed to prevent this kind of occurrence. This includes a detailed exit review process when an AAG leaves the OAG, which is to include identifying any pending deadlines. That did not occur here because of extenuating personal circumstances. The OAG also employs administrative clerks who monitor the dockets in active case and alert the assigned attorney of impending deadlines. While that system alerted AAG Kaur of the November 8 report deadline, without a replacement attorney having a new appearance on file (until November 28), the OAG was not notified of the Court's orders entered after AAG Kaur left the office. The OAG is addressing these issues.

7. The OAG takes court deadlines seriously and recognizes its failure in not following its processes to ensure that deadlines in this case were met, particular during the transition phase when an AAG leaves the office and their cases are reassigned. While the OAG's systems and procedures should have alerted the OAG of the Court's deadlines in this case, they did not operate as intended, resulting in the OAG unintentionally, and unknowingly, missing the Court's deadlines requiring action after

---

filed the stipulation to dismiss the same day, November 28, and then filed a status report with the Court the following day, November 29, 2023. ECF 67.

AAG Kaur left the office. AAG Kaur should not be faulted for missing any deadlines after she left the OAG on October 31. Likewise, though the OAG may be faulted for not having better systems in place to alert replacement counsel of court deadlines, no OAG lawyer intentionally or recklessly failed to comply with a court order.

For these reasons, the OAG respectfully requests that the Court vacate its November 28, 2023 order imposing sanctions against former AAG Kaur. And while the OAG believes that no sanction or finding of contempt is warranted here, the OAG requests that to the extent any sanction or finding of contempt is entered, it should be against the OAG and not against former AAG Kaur.

| | |
|---|---|
| Dated: December 1, 2023 | Respectfully submitted, |
| R. Douglas Rees<br>James Robinson<br>   Prisoner Litigation Unit Supervisor<br>Office of the Illinois Attorney General<br>100 West Randolph Street<br>Chicago, IL 60601<br>*richard.rees@ilag.gov*<br>*james.robinson@ilag.gov* | Kwame Raoul<br>Illinois Attorney General<br><br>By:  *R. Douglas Rees*<br>Deputy Attorney General, Civil Litigation |

4